ORIGINAL

# In the United States Court of Federal Claims

No. 15-723 C, 15-799 C
Filed: June 6, 2016
NOT TO BE PUBLISHED

FILED

JUN - 6 2016

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MONTE LITTLE COYOTE & MARK WAYNE BALLARD, | \* \* \* |
| Plaintiffs, *pro se,* | \* \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant. | \* \* \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND FINAL ORDER ON RECONSIDERATION

On April 26, 2016, Plaintiffs Monte Little Coyote and Mark Wayne Ballard filed a Motion For Reconsideration Pursuant To Rule 59(b) Of The Rules Of The United States Court Of Federal Claims ("RCFC") And/Or Motion Under RCFC 60; And/Or Motion To Stay And Relief Under All Writs Act, 28 U.S.C. § 1651 relating to the March 16, 2016 Unreported Memorandum Opinion And Final Order. ECF No. 17.

To prevail on a motion for reconsideration under RCFC 59, the movant must identify a manifest error of law, or mistake of fact. *See Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012), *aff'd,* 503 F. App'x 952 (Fed. Cir. 2013). Specifically, the movant must show: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of granting the motion to prevent manifest injustice. *Id.* The court has considerable discretion in ruling on a motion for reconsideration. *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). But, granting such relief requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) *cert. denied,* 546 U.S. 826 (2005) (citation omitted).

Plaintiffs in their April 26, 2016 Motion For Reconsideration do not argue that there has been an intervening change in the controlling law, nor do they argue that there is an availability of previously unavailable evidence, nor have they demonstrated that denying the April 26, 2016 Motions For Reconsideration would result in manifest injustice.

In the March 16, 2016 Memorandum Opinion And Final Order, the court granted the Government's Motion To Dismiss, because it determined that the court did not have jurisdiction to adjudicate the claims alleged in Plaintiffs' July 13, 2015 Complaint. ECF No. 15. In the April 26, 2016 Motion For Reconsideration, however, Plaintiffs have not shown that the court has jurisdiction over the claims alleged in Plaintiffs' July 13, 2016 Complaint nor that denying the April 26, 2016 Motion For Reconsideration would manifest injustice. Instead, Plaintiffs reargue the merits of the underlying case.

For these reasons, Plaintiffs' April 26, 2016 Motion For Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

_____
SUSAN G. BRADEN
**Judge**